**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FRANCISCO ORTIZ,**

    **Plaintiff,**

v.                                **Case No. 8:12-cv-1998-T-35TBM**

**NAC DYNAMICS, LLC and
TIMOTHY NEUBERT**

    **Defendants.**

_____/

### **REPORT AND RECOMMENDATION**

    THIS MATTER is before the Court on referral for a Report and Recommendation on **Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law** (Doc. 12)[1] and Plaintiff's response in opposition (Doc. 14).[2]  For the reasons set forth below, I recommend that Defendants' Motion be denied.

---

    [1]The Motion is supported by an affidavit by Timothy Neubert (Doc. 12-1), as corrected (Doc. 13-1), along with Plaintiff's payroll records compiled by Oasis Outsourcing, Inc., a professional employer organization which processes payroll for NAC.  (Doc. 13-2).

    [2]Plaintiff's response is supported by an affidavit from Plaintiff (Doc. 14-1), together with payroll records in his possession.  Thereafter, Plaintiff filed his Amended Declaration (Doc. 18-1) which in part recants certain statements made in the initial declaration and revised downward his estimate of damages for unpaid overtime wages.  Defendants sought to strike both declarations as sham affidavits (Doc. 20).  That motion was denied by separate order. (Doc. 31).

I.

This case arises from a single-count Complaint initiated by the Plaintiff, Francisco Ortiz, against the Defendants, NAC Dynamics, LLC ("NAC") and Timothy Neubert, its owner, (collectively "Defendants"), for alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1).  By his Complaint, Plaintiff alleges that he was employed by Defendant as a non-exempt technician on or about January 2009 through June 2012.  At various material times, Plaintiff worked for Defendants in excess of forty hours a workweek.  Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for the hours in which he worked overtime.  Moreover, Plaintiff alleges that Defendants have a company-wide policy not to pay any hourly employees overtime; Defendants failed to maintain proper time records as mandated by the FLSA; and their actions were willful and/or showed reckless disregard for the provisions of the FLSA.  Plaintiff seeks damages and liquidated damages for lost compensation due to Defendants' failure to pay overtime compensation in accordance with 29 U.S.C. § 207.  *See* (Doc. 1).  In response, Defendants filed its Answer and Affirmative Defenses.  (Doc. 6).  In short, Defendants deny any violation of the FLSA.

By their Motion for Summary Judgment, Defendants initially assert that Plaintiff's claims that NAC paid no overtime and has a policy of paying no overtime are "objectively false."  Indeed, payroll records show that Defendants paid Plaintiff hundreds of hours of overtime for forty-two of the ninety pay periods he worked for Defendants.  They assert that Plaintiff's counsel never attempted a pre-suit resolution and failed to conduct a reasonable

2

investigation into Plaintiff's claims prior to filing the Complaint. Defendants urge that summary judgment is proper because there exists no competent evidence that supports Plaintiff's claim that he was *never* paid any overtime or that Defendants had a policy of not paying any overtime to non-exempt employees. Since the claim of non-payment of overtime is the material claim in an FLSA lawsuit, and Plaintiff's claims of such are refuted by payroll records which show that Ortiz received overtime pay in forty-seven percent of his pay periods, there is no issue of disputed fact and summary judgment should be granted. In legal support, they cite two cases, *King v. CVS/Caremark Corp.*, No. 07-21824, 2008 U.S. Dist. LEXIS 108614, at *11 (S.D. Fla. Sept. 11, 2008) and *Contini v. United Trophy Mfg., Inc.,* No. 6:06-cv-432- ORL-18UAM, 2007 U.S. Dist. LEXIS 42510, at *8 (M.D. Fla. June 12, 2007).[3] (Doc. 12).

In response, Plaintiff generally asserts that Defendants violated the FLSA's overtime requirements throughout his employment by chronically underpaying him and that Defendants' records demonstrate that Defendants regularly and systematically failed to properly pay Plaintiff for *all* overtime hours worked. Specifically, he contends that Defendants manipulated Plaintiff's time sheets and engaged in the following illegal timekeeping practices on a regular basis:

> (a) impermissibly shifting hours from one workweek to another workweek and paying Plaintiff overtime only when his hours exceeds 80 hours in a two

---

[3]Moreover, Defendants contend that Plaintiff's demonstrably false claims coupled with Plaintiff's counsel failure to make any pre-suit inquiry into the facts alleged in the Complaint constitute bad faith, and the Court should award Defendants attorneys' fees and costs. *Id.*

3

> week pay period rather than when his hours exceeded 40 hours in a workweek;[4]
> (b) unilaterally reducing Plaintiff's hours worked (and recorded) each week after he submitted his time sheets to them;
> (c) automatically deducting an hour or more for a lunch break on days Plaintiff recorded more than 8 hours of work, despite the fact that he rarely received more than thirty minutes for such breaks;
> (d) failing to pay Plaintiff for compensable out-of-town travel; and
> (e) prohibiting Plaintiff from recording more than eighty hours per pay period irrespective of the actual hours worked on many occasions.

(Doc. 14 at 2). As a consequence of these timekeeping practices, Plaintiff was underpaid for the overtime hours actually worked. In support, Plaintiff has filed his Amended Declaration, a spreadsheet itemizing his damages, and copies of the time records that he had in his possession. By the Amended Declaration, he estimates that he was owed at least $4,993.42 in unpaid overtime wages.[5] (Docs. 18, 18-1 to 18-3).

Plaintiff argues that contrary to Defendants' Motion, his unverified complaint does not allege that he was *never* paid overtime, but rather that he was not paid for all the overtime worked. The fact that Defendants' records show he was paid for some overtime work is not a bar to his suit for unpaid overtime hours. Moreover, there are disputed facts on that issue which preclude summary judgment. Thus, contrary to Defendants' assertion of undisputed facts, Plaintiff asserts there are a number of disputed facts arising from his claims that Defendants repeatedly ignored his complaints of FLSA violations; that his actual time records, to the extent he kept such, reveal that the records attached to the Neubert Affidavit are not his

---

[4]This contention was withdrawn by Plaintiff in his Amended Declaration (Doc. 18-1 at 2).

[5]By his initial declaration, Plaintiff estimated that he was owed approximately $8,000 to $11,000 in unpaid overtime wages. (Doc. 14-1).

4

actual individual time breakdowns (as existed prior to Defendants' manipulation); that Defendants manipulated and reduced his reported hours worked in the ways set forth in his Amended Declaration; that when properly computed, he is still owed for unpaid overtime; and his contention that Defendants acted willfully. In sum, Plaintiff argues that issues of fact preclude summary judgment.[6] *See* (Doc. 14).

## II.

Summary judgment or partial summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the pleadings, depositions, and/or other evidence that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). Once the moving party satisfies its burden, the burden shifts to the nonmoving party to designate specific facts, beyond mere allegations, demonstrating a genuine issue of material fact to avoid summary judgment. *Celotex Corp.*, 477 U.S. at 324; *Howard v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir. 1994); *Perkins v. Sch. Bd. of Pinellas County*, 902 F. Supp. 1503, 1505 (M.D. Fla. 1995).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility

---

[6]Plaintiff also requests sanctions pursuant to 28 U.S.C. § 1927, for Defendants filing a premature frivolous motion for summary judgment.

5

determinations." *Hairston*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)).  The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried.  *Hairston*, 9 F.3d at 921; *see also Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).

Under the Fair Labor Standards Act, "no employer shall employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  To prevail on a FLSA overtime claim, an employee must prove that he "suffered or [was] permitted to work [overtime] without compensation.  *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F. 3d 1306, 1314 (11th Cir. 2007).  Although the plaintiff bears the burden of proving that he worked overtime without compensation, the FLSA is remedial and humanitarian in purpose and should be interpreted liberally.  *See A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1265 (11th Cir. 2008); *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 939 (11th Cir. 2000). 29 U.S.C. § 211(c) requires employers to "make, keep and preserve records" of employees and of their "wages, hours, and other conditions and practices of employment" in accordance with the regulations adopted by the Department of Labor.  Pursuant to 29 C.F.R. §

6

519.2(a)(7), the record keeping regulations for employees subject to minimum wage and overtime provisions, an employer must record the hours worked each workday and total hours worked. However,

> in situations where the employer's records cannot be trusted and the employee lacks documentation . . . "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

*Allen*, 495 F.3d at 1316 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

### III.

Upon consideration, because Plaintiff demonstrates disputed issues of material fact regarding his claim that he was not paid for all his overtime work due to Defendants' manipulation of his time records, the Defendants' Motion is appropriately denied.

Defendants' Motion is predicated on their contention that Plaintiff has falsely alleged, at paragraph 31(b) of the Complaint, that he was *never* paid for overtime work and his assertion at paragraph 36 that Defendants had a company-wide policy which denied workers overtime pay for work in excess of forty hours.[7] As this argument proceeds, because the company's payroll processing records show that Plaintiff was paid for overtime in forty-two pay periods out of the ninety pay periods he worked for NAC, the Plaintiff is without competent evidence to support these allegations and summary judgment is appropriate. In

---

[7]The Motion also cites to paragraph 42, which alleges that Defendants also violated the FLSA with respect to those similarly situated to Plaintiff by virtue of a management policy, plan or decision. The point is not further addressed in the Motion nor is it addressed further herein.

7

legal support, it cites two cases, *King v. CVS/Caremark Corp.*, 2008 U.S. Dist. LEXIS 108614, at *11 and *Contini v. United Trophy Mfg., Inc.,* 2007 U.S. Dist. LEXIS 42510, at *8. In *King*, the Southern District of Florida granted summary judgment to the employer in an FLSA case where, Defendants argue, like here, the plaintiff's conclusory allegations could not refute her payroll records. 2008 U.S. Dist. Lexis 108614, at *11. As in *Contini,* Defendants urge that summary judgment and award of attorneys' fees is appropriate given that the time records show Plaintiff was compensated for overtime hours, and Plaintiff has claimed he was not paid overtime under a no-overtime policy in contrast with records showing he was paid for hundreds of hours of overtime. 2007 U.S. Dist. LEXIS 42510, at *8. After a review of these cases, I find that neither these factual assertions nor the cited case law supports the grant of summary judgment when the whole of the proffered evidence is considered in a light most favorable to the Plaintiff.

      First, when the Complaint is read in full, Plaintiff makes no express claim that he was *never* paid overtime wages; rather, he contends he was not paid for *all* his overtime hours worked. *See* (Doc. 1, ¶¶ 29, 31). Such was his contention in his initial declaration in support of his response to the motion (Doc. 14-1, ¶ 7) and remains his contention at this time. While Plaintiff's further review of time records forced him to recant certain of his initial allegations and the time records seemingly refute any claim of a blanket policy against paying overtime wages, Plaintiff's claim remains that by reason of Defendants' unscrupulous and improper practice in manipulating his time records, Plaintiff has been denied all the overtime wages he

is due. (Doc. 18-1). That he was paid for some of the overtime hours worked does not bar his claim for the overtime hours for which he was not paid.

Beyond that consideration, the proffered evidence demonstrates questions of credibility and disputed issues of fact inappropriate for resolution on this motion. For example, Plaintiff's declarations allege that he was denied all the overtime pay he was entitled to by reason of Defendants' manipulation of his time records, allegations completely denied by the Defendants. More particularly, by his revised calculations, Plaintiff claims more than 65 hours of overtime work for which he was not paid and he contends that such was the product of Defendants' manipulation of the time records.[8] By his testimony, Plaintiff contends Defendants were well aware of his complaints regarding overtime and willfully ignored them. Defendants obviously do not concede the willfulness allegation either. In short, these differing versions give rise to credibility and fact issues which simply cannot be resolved on this Motion.[9] *See, e.g.*, *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir.

---

[8]The factual conflict is clearly demonstrated by Defendants' motion to strike Plaintiff's declarations as sham affidavits wherein Defendants exercise considerable effort to demonstrate from the payroll records that Plaintiff's claim for at least 43.5 of the 65 hours of unpaid overtime is another sham. *See* (Doc. 20 at 6-8).

[9]Nor do the cases cited by Defendants call for a different result. As Plaintiff argues, the cases are factually distinguishable. In *King,* the plaintiff's claims differed from later admissions or documentary evidence. 2008 U.S. Dist. LEXIS 108614, at *9. Here, the Complaint alleges, and it remains the Plaintiff's contention that, no payments were made to compensate him for all his overtime hours worked and that Defendants' manipulated the time records to accomplish this. As for *Contini*, there the plaintiff failed to include overtime hours on his time sheets and chose not to ask his supervisor for compensation for those hours of overtime; moreover, the hours originally claimed bore no relationship to those possibly available to the plaintiff. 2007 U.S. Dist. LEXIS 42510, at *8-9. Here, Plaintiff claims to have complained to management and Defendants' accountant about the lack of overtime compensation and he purports to demonstrate from the time records that at least 65 hours of

2003) ("Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment."); *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) ("Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility . . . . which require resolution by the trier of fact."); *cf. Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980) ("[E]very discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence.").

IV.

For the foregoing reasons, I recommend that **Defendants' Motion for Summary Judgment** (Doc. 12) be **denied**.[10]

**Done and Ordered** in Tampa Florida this 15th day of February 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

unpaid overtime is still owed.

[10]Plaintiff's counter claim for fees under 28 U.S.C. § 1927 should likewise be denied. There may come a time in this suit where allegations of bad faith or frivolity are borne out, but such are not established at this point. Counsel are advised that any antipathy toward each other as suggested by these pleadings *shall* be laid aside during the balance of this suit.

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
The Honorable Mary S. Scriven, United States District Judge
Counsel of Record