# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FRANCISCO ORTIZ, on his own
behalf and others similarly situated,**

      **Plaintiff,**

**v.**                               **Case No. 8:12-cv-1998-T-35TBM**

**NAC DYNAMICS, LLC., et al.,**

      **Defendants.**
_____/

## O R D E R

THIS MATTER is before the Court on **Plaintiff's Motion for Award of Attorney's Fees** (Doc. 45), Defendants' response in opposition (Doc. 48), and Plaintiff's reply (Doc. 53). By his Motion, Plaintiff seeks an award of fees totaling $19,444.50 as the prevailing party in this action.[1] *See* (Doc. 45).  Plaintiff files affidavits and records in support of his position. *See* (Docs. 45-1 to 45-5).  In response, Defendants dispute factual assertions made by Plaintiff and urge that in the circumstances of this case, the attorney's fees sought should be denied entirely or otherwise substantially reduced.  (Doc. 48).

### I.

By way of background, Plaintiff, Francisco Ortiz, filed suit against Defendants, NAC Dynamics, LLC and Timothy Neubert, in September 2012.  By a single-count Complaint, Plaintiff alleged that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §

_____

[1]While Plaintiff states that he seeks $19,636.50 in fees, a calculation of the requested hourly fees multiplied by the hours worked equals $19,444.50.

207 by failing to pay overtime compensation for all hours worked in excess of forty hours per week.  At the outset, Defendants filed an Answer denying liability for unpaid overtime and asserting numerous defenses.  (Doc. 6).  The Answer was followed by a Motion for Summary Judgment in October 2012, together with the Declaration of Defendant Neubert and payroll records.  (Docs. 12, 13).  In short, Defendants asserted that Plaintiff's allegations that NAC did not pay overtime wages were false, as were the allegations that NAC had a policy for not paying overtime.  (Docs. 12, 13).  In November 2012, Defendants filed a Motion for Rule 11 Sanctions, (Doc. 15), and a Motion to Strike Plaintiff's Declaration and Amended Declaration,[2] (Doc. 20).  In the Motion for Sanctions, Defendants accused counsel of failing to conduct a reasonable investigation before filing the Complaint.  (Doc. 15).  It also again cited to purportedly false allegations by counsel related to Defendants not paying overtime.  *Id.*  The Motion to Strike was directed at two inconsistent declarations filed by Ortiz.  (Doc. 20).  Plaintiff filed responses to each of the motions.  (Docs. 14, 18, 19, 25).  The motions were ultimately denied by the Court.  (Docs. 23,[3] 31,[4] 35[5]).  In April 2013, Plaintiff filed a Notice of Settlement.  (Doc. 36).  On May 24, 2013, the parties filed a Joint Motion for Settlement. (Doc. 39).  In June 2013, the Court granted the motion and approved the settlement

---

[2]Plaintiff's Declarations were filed in support of his opposition to Defendants' Motion for Summary Judgment.  *See* (Docs. 14-1, 18).

[3]In denying Rule 11 sanctions, the Court indicated that it was unable to find evidence of bad-faith to justify such sanctions.

[4]The Court found insufficient evidence that the declarations were sham pleadings.

[5]The Court adopted and affirmed the report and recommendation (Doc. 32) that the motion be denied based on the factual disputes raised by the pleadings and supporting affidavits and records.

agreement, by which Defendants agreed to pay Plaintiff $750.00 in unpaid wages and $750.00 in liquidated damages for a total of $1,500.  (Doc. 40).  Consistent with the settlement agreement, the Court reserved ruling on the matter of fees and costs.

II.

29 U.S.C. § 216 (b) permits the award of attorney's fees to the prevailing party in proceedings to enforce overtime wage provisions of the FLSA.  Here, the settlement agreement recognizes that Plaintiff is the prevailing party.  (Doc. 39-1 at ¶ 3(b)) ("Defendants, jointly and severally, shall pay Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff and Plaintiff's counsel in this matter . . . with the agreement that Plaintiff is the prevailing party, and that the only remaining issue is the reasonable amount of such fees and costs.").  As in other cases, the starting point in determining reasonable attorney's fees is the calculation of the lodestar, which is product of the hours reasonably expended multiplied by reasonable hourly rate(s).  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).  "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299).  In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment.  The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors.  *See Norman*, 836 F.2d at 1299.  In *Johnson v.*

3

*Georgia Highway Express, Inc.*, the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974). The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

### III.

Plaintiff employs the lodestar method in calculating his fees and seeks $19,444.50[6] in fees based on an hourly rate for counsel of $325.00 per hour for 55.50 hours of work, and an hourly rate for his paralegal of $105.00 per hour for 13.40 hours of work.[7] In support of this request, Plaintiff argues that the case was novel and difficult, and thus the skill level required to litigate the claim required a higher threshold of FLSA knowledge than other FLSA cases.

---

[6]While Plaintiff states that he seeks $19,636.50 in fees, when multiplying $325 per hour by 55.5 hours, and multiplying $105 per hour by 13.4 hours, the actual total is $19,444.50.

[7]The requests are supported by declarations from Andrew Frisch, Esq., (Doc. 45-4), and Gregg Shavitz, Esq., (Doc. 45-5).

He urges that his requested hourly rate is reasonable and consistent with rates granted in similar cases in this District.  Moreover, the hours expended were necessitated by his client's dire circumstances, and Defendants' aggressive response opposing the suit.  Plaintiff claims a full and complete recovery.  (Doc. 45).

In opposition, Defendants argue that this lawsuit presents a "special circumstance" in contemplation of the FLSA where Plaintiff is not entitled to any attorney's fees under the FLSA.  Specifically, Plaintiff in this case has pursued a "nuisance settlement" to generate a large attorney's fee award.[8]  Despite Plaintiff originally and falsely claiming relief for "hundreds of hours of overtime," by his Amended Declaration, he sought damages for less than half that amount.  Ultimately, Plaintiff settled the case for 7% of the original amount sought; that is, Plaintiff recovered $750 for unpaid wages compared to originally seeking upwards of $11,000.  Moreover, Plaintiff's counsel failed to make a pre-suit demand for unpaid wages in a case where Defendants would have been receptive to reasonable settlement without the need to file a lawsuit.  Lastly, Mr. Frisch's billing records showcase an intention to blindly file pleadings and ignore the actual monetary substance of the dispute.  Accordingly, Defendants urge the Court to deny Plaintiff's Motion.

In addition, Defendants urge, somewhat obliquely, that a reduction in fees is in order where as here Plaintiff attained only partial success on his claims.  Defendants note that in

---

[8]In support of their argument, Defendants cite to three cases: *Sahyers v. Prugh, Holliday, & Karatinos, P.L.*, No. 8:07-cv-52-T-30MAP, 2008 WL 9396456 (M.D. Fla. Feb. 1, 2008); *Contini v. United Trophy Mfg., Inc.*, No. 6:06-cv-432-Orl-18UAM, 2007 WL 1696030 (M.D. Fla. June 12, 2007); *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d 1162 (S.D. Fla. 2003).

answers to the Court's Interrogatories, Plaintiff indicated his claim was for off-the-clock work, miscalculation and unpaid overtime.  By his settlement, he received monies only for the alleged unpaid overtime.  Thus, a reduction of fees is appropriate for the lack of success on two of these claims.  Moreover, the fee application reveals an utter lack of effort to determine the amount owed to his client.  His request for fees incurred pre-suit should be denied as unreasonable.  Time spent after the suit should also be denied.  Certain of such hours spent on administrative matters and non-legal tasks should not be compensable.  In addition, the ten hours claimed for re-review of the records in order to answer the Court's Interrogatories as alleged in the motion is not supported by counsel's time-records which reveal only 1.5 hours for this task.  Moreover, Plaintiff's time spent answering defense motions including work on an Amended Declaration which was also full of errors is also unreasonable.  Indeed, "nothing done by [counsel] reasonably accomplished the nuisance settlement he extracted for his client." *See* (Doc. 48).

By his reply, Plaintiff disagrees with the reasons provided by Defendants, and argues that the Motion should be granted in its entirety.  He urges that the cases cited by Defendants in support of denying any award are distinguishable.  Thus, contrary to Defendants' argument, the *Sahyers* case does not require in every case that a party give pre-suit notice of his/her claim.  Similarly, the denial of fees sanctioned in *Goss* is not persuasive as the facts of that case are distinguishable from the instant suit.  Finally, it was Defendants' litigation strategy which created the circumstances necessitating virtually all of Plaintiff's responses and work. (Doc. 53).

Insofar as Defendants argue that Plaintiff should not be awarded *any* attorney's fees because Plaintiff failed to make a pre-suit demand and because counsel pursued a "nuisance settlement" to generate attorney's fees, the request is denied. In short, Defendants' reliance on *Sahyers, Goss* and *Contini* is not persuasive as the cases are distinguishable from the instant suit.[9] *See Andrike v. Maple Way Cmty.*, No. 8:11-cv-1939-T-24AEP, 2013 WL 1881135

---

[9]While Defendants cite to the district court decision in *Sahyers*, on appeal, the Eleventh Circuit cautioned that in affirming the district court's decision, "[w]e do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs." *Sahyers v. Prugh, Holliday & Karatinos, P.A.,* 560 F.3d 1241, 1246 (11th Cir. 2009). Moreover, the facts in *Sahyers* are distinguishable, involving as it did a FLSA dispute between a law firm and a former paralegal where the court found that Plaintiff's counsel evidenced a lack of lawyer-to-lawyer collegiality and civility which caused a waste of judicial time and resources. As the Eleventh Circuit stated, "We strongly caution against inferring too much from our decision today. These kinds of decisions are fact-intensive. We put aside cases in which lawyers are not parties." *Id.* In the Court's view, *Sahyers* is distinguishable from the instant suit. *See, e.g., Andrike v. Maple Way Cmty.*, No. 8:11-cv-1939-T-24AEP, 2013 WL 1881135, at *2 (M.D. Fla. May 3, 2013) (finding the same).

Similarly, the Court finds the circumstances in *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003), distinguishable. There, the court concluded that plaintiff's counsel acted in bad faith, employed a strategy of dely and obfuscation to delay resolution of the case, and engaged in a pattern of behavior aimed at inflating the levels of attorney's fees. Here, in rejecting Defendants' early salvo of motions, the Court rejected a finding of bad-faith, rejected the suggestion of fraud on the Court, and determined that disputed issues of fact prevented granting Defendants a summary judgment. While it is evident that Plaintiff's counsel was not fully informed in his early assertions concerning overtime hours, there is no indication of the type of conduct sanctioned by the court in *Goss*.

As for *Contini v. United Trophy Manufacturing, Inc.*, No. 6:06-cv-432-Orl-18UAM, 2007 WL 1696030 (M.D. Fla. June 12, 2007), the Court has previously found that this case is distinguishable. *See* (Doc. 32). In particular, in *Contini*, the court noted that the disputed overtime hours were due to plaintiff's failure to ask his supervisor for the overtime pay for which he was owed; plaintiff's decision to work during his lunch break was not a sufficient reason to be compensated for overtime; and an employer is not required to pay employees for *de minimis* time. Indeed, despite initially claiming hundreds of hours of overtime, the actual dispute was over two hours of unpaid overtime. Here, Plaintiff claimed that he complained to management about the lack of overtime compensation, and demonstrated from the time records that at least sixty-five hours of unpaid overtime were still owed. (Doc. 18-1 at ¶¶ 21,

(M.D. Fla. May 3, 2013).  Because the facts in this case are distinguishable, the Court declines to deny all fees on the basis of these cases.

    While it appears agreed in the settlement agreement that Plaintiff is the prevailing party, (Doc. 39-1 at ¶ 3(b)), to the extent that it is necessary to make such a finding, Plaintiff is the prevailing party in this case.  *See Goss,* 248 F. Supp. 2d at 1167.

    The Court finds the hourly rates requested to be reasonable in the circumstances of this case.[10]  However, the Court concludes that a reduction in the hours expended is in order.  Although the litigation in this suit was brief and contentious, the Court respectfully disagrees that the suit involved novel and complex issues.  Apart from the vigorous early challenge by defense counsel, the case itself appears to be a rather "run of the mill" FLSA lawsuit.  While it appears correct that a solid portion of Mr. Frisch's early work before the Court was driven by the aggressive defense offered by Defendants, the fact of the matter is that Plaintiff achieved limited results especially in comparison with his earlier demands.[11]  Moreover, there is

_____

22).  Accordingly, *Contini* is distinguishable from the instant suit.

    [10]Plaintiff's counsel, Andrew Frisch, is a trial attorney with thirteen years of experience in this area of practice.  As demonstrated by Plaintiff's pleadings, a number of decisions in this district have awarded him fees at $300.00 per hour and recently, in the *Andrike* case, he was awarded fees based on an hourly rate of $325.00 per hour and the paralegal was awarded fees at an hourly rate of $105.00 per hour.  Here, I conclude the hourly rate of $325.00 per hour for counsel and $105.00 per hour for the paralegal are reasonable rates in this market for this type of work.

    [11]For example, Plaintiff initially claimed he was owed hundreds of hours of overtime wages.  In his answer to the Court's Interrogatories, Plaintiff sought $9,986.84 in overtime pay, including liquidated damages.  *See* (Doc.16-1).  In contrast, he settled for $1,500, including liquidated damages.  (Docs. 39-1, 40).  Thus, the settlement suggests either a rather small modicum of success in relation to the early demands or unreasonable early demands which did not merit full compensation.  Moreover, Plaintiff's earlier damages calculation was based on off-the-clock work, miscalculation and Defendants allegedly shifting hours between

evidence of some excessive billing and unnecessary work by counsel, and duplication of efforts with counsel handling matters in which a paralegal was also involved or handling matters which should have been handled solely by the paralegal.  In the Court's view, the numerous hours spent on administrative matters and emails or calls with the client, as well as hours itemized for pre-filing discussions with the client would not all be billed to the client in the exercise of good billing judgment either, and thus should not be awarded here. Accordingly, after a thorough review of pleadings and arguments and the work by counsel as evidenced in the Court file, the Court concludes that the itemized hours for counsel and the paralegal should be reduced by 35%.

As for costs, Plaintiff represents that counsel have reached an agreement for the payment of the same.  *See* (Doc. 45 at 1 n.1).  Thus, the matter is not addressed further herein.

Accordingly, **Plaintiff's Motion for Award of Attorney's Fees** (Doc. 45) is **GRANTED in part** as set forth herein.  Plaintiff is awarded attorney's fees in the amount of **$12,638.93**.

**Done and Ordered** at Tampa, Florida, this 24th day of March 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

work weeks.  *See* (Doc. 16-1).  However, Plaintiff's settlement was for unpaid overtime wages.  (Doc. 39-1).